```
SEYFARTH SHAW LLP
G. Daniel Newland (SBN 087965) dnewland@seyfarth.com
Andrew M. McNaught (SBN 209093) amcnaught@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
C&H SUGAR COMPANY, INC.
```

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAREHOUSE UNION LOCAL 6, ILWU | Case No. CV 08-0132 MHP |
| Plaintiff, | **DEFENDANT C&H SUGAR COMPANY, INC.'S ANSWER TO COMPLAINT TO COMPEL ARBITRATION** |
| v. | |
| C&H SUGAR COMPANY, INC., | |
| Defendant. | |

Defendant C&H Sugar Company, Inc. ("C&H" or "Defendant") hereby responds to plaintiff Warehouse Union Local 6, ILWU's ("Union" or "Plaintiff") Complaint to Compel Arbitration ("Complaint"). Any allegation of the Complaint not specifically admitted herein is denied.

**PARTIES AND JURISDICTION**

1.  Defendant admits that Plaintiff's Complaint purports to compel Defendant to arbitrate pursuant to Section 301(a) of the National Labor Relations Act (NLRA), 20 U.S.C. Section 185(a). Defendant denies that it has an obligation under the Collective Bargaining Agreement ("CBA") to arbitrate the instant disputes because Plaintiff failed to properly request arbitration as required by the CBA. Defendant further denies that Section 301 gives this Court the power to grant the declaratory and injunctive relief sought by Plaintiff. Further, assuming that Section 301 does grant the Court such power, Defendant avers that, pursuant to the policies

underlying section 203(d) of the Labor Management Relations Act, 29 U.S.C. § 173(d), the Court should refrain from exercising that authority.

2. The allegations of paragraph 2 of the Complaint state a legal conclusion and, as such, require no response from Defendant.

3. Defendant has insufficient information to admit or deny the Union's allegations in Paragraph 3 of the Complaint.

4. Defendant admits that it is a corporation authorized to do business in the State of California, but denies that it is engaged in the processing and manufacturing of food products. Defendant is engaged in the process of refining sugar. Defendant admits that its principal place of business is in Crockett, California, which is within this judicial district.

5. Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

## CLAIM FOR RELIEF

6. Defendant avers that Plaintiff has refused to acknowledge the CBA attached as Exhibit A to Plaintiff's Complaint. Accordingly, Plaintiff has failed to allege the existence of a valid contract. Except as specifically admitted and/or not responded to herein, Defendant denies each and every remaining allegation set forth in Paragraph 6 of the Complaint.

7. Despite the fact that Plaintiff refuses to acknowledge the existence of the CBA, Defendant admits that the CBA contains a multi-step Grievance Procedure, but denies that this Grievance Procedure necessarily addresses and adjusts all difference regarding the interpretation and implementation of its terms. Defendant also denies that the Grievance Procedure appears in Section XXIII of the CBA. Defendant further denies that the grievance procedure necessarily culminates in final and binding arbitration, as Section XXII.C.Step 3. provides that "[a]ny dispute involving the meaning, interpretation or application of the terms of this agreement which is not disposed of in Step 2., *may be submitted to arbitration* . . . ." Defendant avers further that the allegations in Paragraph 7 are taken out of context in that Plaintiff fails to include the pertinent language of the Grievance Procedure at Section XXII which provides:

1. If the Grievance Committee does not agree upon a settlement of the grievance within five (5) days from the date of its initial meeting then, upon written notice of either party made

2

>*within five (5) days* after failure of the Grievance Committee to agree, *an arbitrator shall be selected* who shall act as the arbitrator and seventh member of such committee. Arbitration proceedings before such arbitrator shall be commenced and concluded with all reasonable dispatch.
>
>2. If the party demanding arbitration *fails or refuses to proceed to arbitration within thirty (30) days from the date of the demand for arbitration*, then the grievance shall be considered as *abandoned*, provided that if the arbitration is delayed for reasons beyond the control of either party, then the arbitration shall be held within fifteen (15) days following termination of the reason for delay or shall be considered abandoned.

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint insofar as it contains an excerpt of language appearing in Section XIII, titled "Employment, Advancement and Retention," of the CBA. Defendant further avers, however, that said excerpt is incomplete and taken out of context in that it fails to include additional language regarding the Grievance Procedure which provides: "If the Grievance Committee does not agree upon a settlement of the grievance within five (5) days from the date of its initial meeting then, upon written notice of either party made *within five (5) days* after failure of the Grievance Committee to agree, *an arbitrator shall be selected* who shall act as the arbitrator and seventh member of such committee. Arbitration proceedings before such arbitrator shall be commenced and concluded with all reasonable dispatch." (Section XXII.F.1.)

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint. Section XXIII of the CBA does not reflect the excerpts which Plaintiff quotes in Paragraph 9 of the Complaint.

10. Defendant denies that it failed and refused to comply with the grievance procedure. To the contrary, Plaintiff did not comply with the grievance procedure by timely requesting arbitration and selecting an arbitrator. Plaintiff, therefore, is not entitled to arbitration.

11. Defendant admits that Manuel Morales and Luis Moreno are members of the bargaining unit represented by Local 6 and were former employees of Defendant whose employment was governed by the terms of the CBA. Defendant admits that their employments were terminated on or about July 23, 2007, but denies that the terminations were unfair.

3

1  Defendant denies each and every remaining allegation set forth in Paragraph 11 of the
2  Complaint.
3      12.    Defendant denies the allegations in Paragraph 12 of the Complaint.
4      13.    Defendant denies the allegations in Paragraph 13 of the Complaint. Defendant
5  avers that it has remained willing, ready and able to arbitrate matters that are procedurally
6  compliant and timely submitted. Except as specifically denied and/or averred to herein,
7  Defendant denies each and every remaining allegation set forth in Paragraph 13 of the
8  Complaint.
9      14.    Paragraph 14 contains conclusions of law as opposed to allegations of fact, and as
10 such, no answer is required. To the extent Paragraph 14 purports to contain any allegations of
11 fact, Defendant denies those allegations in their entirety.

## RESPONSE TO PLAINTIFF'S PRAYERS FOR RELIEF

Defendant denies that Plaintiff should be awarded the relief sought in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief sought herein can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff, by its conduct, is estopped from compelling arbitration of untimely and/or fraudulent grievances.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff makes allegations or claims that were not made the subject of a procedurally compliant and/or timely grievance filed by Plaintiff as required by the CBA, any arbitrator would lack jurisdiction with respect to any such allegations or claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are barred to the extent Plaintiff waived its rights to recover, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are barred to the extent Plaintiff is guilty of unclean hands in connection with the allegations set forth in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent there was any fraud regarding the alleged submission of the purported grievance.

### PRAYER FOR RELIEF

**NOW THEREFORE**, Defendant hereby respectfully requests the following relief:

1. That this Court deny Plaintiff's claims and dismiss its Complaint with prejudice;

2. That Defendant be awarded its reasonable attorneys' fees and costs incurred by Plaintiff's frivolous and fraudulent pursuit of this Complaint, despite Defendant's request for dismissal; and

3. That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: March 10, 2008                    SEYFARTH SHAW LLP

                                         /s/
                                         By_____
                                         G. Daniel Newland
                                         Andrew M. McNaught

                                         Attorneys for Defendant
                                         C&H SUGAR COMPANY, INC.