LAW OFFICES OF NEVIN & ABSALOM
Kenneth Absalom, Esq. (State Bar No. 114607) ken.absalom@333law.com
22 Battery Street, Suite 333
San Francisco, CA 94111
(415) 392-5040
Facsimile (415) 392-3729

Attorneys for Plaintiff
WAREHOUSE UNION LOCAL 6, ILWU


SEYFARTH SHAW LLP
G. Daniel Newland (State Bar No. 087965) dnewland@seyfarth.com
Jennifer P. Svanfeldt (State Bar No. 233248) jsvanfeldt@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
C&H SUGAR COMPANY, INC.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAREHOUSE UNION LOCAL 6, ILWU,<br><br>Plaintiff,<br><br>v.<br><br>C&H SUGAR COMPANY, INC.,<br><br>Defendant. | Case No. CV 08-0132 MHP<br><br>**RULE 26(f) SCHEDULING REPORT**<br><br>Date:    April 14, 2008<br>Time:    4:00 p.m.<br>Courtroom: 15<br>Judge:   Hon. Marilyn Hall Patel |

Pursuant to this Court's Civil Local Rule 16, Defendant C&H Sugar Company, Inc. ("C&H" or "Defendant") submits this Case Management Statement and Proposed Order. Defendant certifies that its lead counsel who will try this case met and conferred with counsel for Plaintiff International Warehouse Union Local 6 (the "Union" or "Plaintiff") for the preparation of this Statement as required by the Civil Local Rules. The parties continue to meet and confer regarding this case in their attempts to resolve this matter informally and discussions have been productive. Defense counsel understands that Plaintiff's attorney is traveling on the east coast

1
Rule 26(f) Joint Scheduling Report/Case No. CV 08-0132 MHP

today. Last week, the parties met and conferred and attempted to coordinate the filing of this Statement, but were unsuccessful. Accordingly, the parties will meet and confer as soon as possible and file a supplemental joint statement.

Defendant makes the following representations and recommendations:

A. **JOINT STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

    1. <u>Brief description of the events underlying the action</u>

        a. Plaintiff's Statement:

        b. Defendant's Statement:

Plaintiff and Defendant are signatories to a collective bargaining agreement ("CBA") which governs the employment of hourly employees at C&H's facility in Crockett, California. The parties are bound to follow a multi-step grievance procedure ("Grievance Procedure") in the contract, which provides a procedure for resolving employment disputes between the parties. Under this grievance procedure grievances must be presented within a limited amount of days from the particular employment dispute and arbitration must be requested soon thereafter for disputes which are not resolved during the grievance process. The Grievance Procedure at Section XXII of the CBA provides:

    1. If the Grievance Committee does not agree upon a settlement of the grievance *within five (5) days from the date of its initial meeting* then, upon written notice of either party made within five (5) days after failure of the Grievance Committee to agree, an arbitrator shall be selected who shall act as the arbitrator and seventh member of such committee. Arbitration proceedings before such arbitrator shall be commenced and concluded with all reasonable dispatch.

    2. If the party demanding arbitration fails or refuses to proceed to arbitration within thirty (30) days from the date of the demand for arbitration, *then the grievance shall be considered as abandoned*, provided that if the arbitration is delayed for reasons beyond the control of either party, then the arbitration shall be held within fifteen (15) days following termination of the reason for delay or shall be considered abandoned.

Plaintiff has a consistent pattern and practice of failing to grieve alleged disputes and/or request arbitration in a timely fashion, sometimes waiting months to do so. On other occasions, Plaintiff does not even grieve a particular dispute before seeking arbitration. Defendant avers

1  that it has remained willing, ready and able to arbitrate matters that are procedurally compliant
2  and timely submitted.
3     This matter involves former C&H warehousemen Lou Moreno and Manual Morales,
4  both members of the Union. On or around July 17, 2007, C&H Supervisor Glen Leatherberry
5  observed Moreno and Morales returning to C&H from lunch drinking from suspicious brown
6  paper bags. Leatherberry then observed Morales and Moreno toss the brown paper bags into a
7  nearby garbage can on C&H premises.
8     Suspecting that the brown paper bags concealed alcohol, Leatherberry inspected the bags
9  which were sitting at the bottom of the empty garbage can. His suspicion was confirmed when
10 he found two empty 40-ounce beer bottles in the paper bags. Leatherberry immediately called
11 C&H Security, who assisted in retrieving the evidence from the garbage can. There was no other
12 waste in the garbage can at the time the beer bottles were retrieved.
13    Between July 17, 2007 and July 23, 2007, C&H conducted a confidential internal
14 investigation of Leatherberry's report. C&H reviewed a video from its security surveillance
15 camera which showed Morales and Moreno returning from lunch with brown paper bags.
16    As part of the internal investigation, C&H also interviewed Leatherberry and C&H
17 Security members regarding the incident. All witnesses were informed, as part of C&H's
18 standard investigation practice, that their statements would be kept private and confidential. The
19 confidentiality surrounding all C&H internal investigations is to protect employees against
20 retaliation and harassment. C&H's concern regarding the confidentiality is heightened by the
21 history of harassment and intimidation of witnesses by C&H employees.
22    Despite C&H's efforts to keep the investigation regarding Moreno and Morales
23 confidential, Leatherberry has been harassed and intimidated by Union employees since making
24 the report, and has informed C&H that he now regrets reporting the company violation. To
25 provide one crude and intimidating example, Union employees have drawn cartoon-like pictures
26 of Leatherberry being raped by rats on C&H chalk boards and warehouse walls.
27    On July 23, 2007, C&H Human Resources Manager Kyle Stradleigh and Don White, the
28 former Warehouse Manager, informed Corey Tacconi, the Union Business Agent, over the

telephone that Morales and Moreno were being terminated for violating company policy -- consumption, intoxication and possession of alcohol on company premises.

Defendant does not dispute the Union's grievance dated July 23, 2007. Indeed, pursuant to the Grievance Procedure, the parties met within five (5) days of the grievance in an attempt to resolve the dispute. The Union, however, refused to negotiate at the meeting because Defendant would not produce a confidential witness statement. Defendant informed the Union that it was willing, under the Grievance Procedure, to attempt to resolve the dispute and warned the Union that it had five (5) days only to select an arbitrator should it decide to request arbitration. By its own admission (Complaint, ¶¶ 11, 12), Plaintiff's request for arbitration is time-barred, as it waited fifteen (15) days before requesting arbitration after its initial meeting with Defendant. Regardless, Defendant avers that it never received Plaintiff's request for arbitration.

**B.    PRINCIPAL ISSUES**

  1.    <u>The principal factual issues which the parties dispute</u>

Defendant's factual investigations are still ongoing and no discovery has been propounded by either party. With that in mind, the following broad, general factual issues appear relevant at this time:

   a.    Actual dates the grievances were allegedly submitted;
   b.    Actual dates the request for arbitration was allegedly submitted; and
   c.    Whether Plaintiff abandoned its grievances.

  2.    <u>The principal legal issues which the parties dispute</u>:

At this time, it appears that the following legal issues are implicated:

   a.    Plaintiff:
   b.    Defendant:

Whether Plaintiff's request for arbitration is barred because its alleged grievances and request for arbitration were untimely under the Collective Bargaining Agreement.

  3.    <u>Other factual issues which remain unresolved</u>:

No factual issues concerning service of process, personal jurisdiction, subject matter jurisdiction or venue remain between the parties.

4. <u>The parties which have not been served and the reasons</u>:

All named parties have been served, and the parties do not contemplate adding any additional parties.

5. <u>The additional parties which the below-specified parties intend to join</u>:

None.

C. **ALTERNATE DISPUTE RESOLUTION**

1. The parties have filed an ADR Certification and Stipulation and [Proposed] Order Selecting ADR Process.

The Court hereby orders: _____

_____.

D. **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Defendant consents to a jury trial presided over by a magistrate judge.

The Court hereby refers this case for the following purposes to a magistrate judge: _____

_____

_____.

E. **DISCLOSURES**

The parties have not exchanged initial disclosures. The parties are attempting to resolve this dispute informally and will exchange initial disclosures by April 25, 2008 if informal resolution is not successful.

F. **EARLY FILING OF MOTIONS**

Defendant does not anticipate filing any discovery motions at this point in time.

G. **DISCOVERY**

1. If the Complaint is not dismissed, Defendant intends to depose witnesses and propound written discovery, and otherwise conduct discovery in accord with the Local Rules and the Federal Rules of Civil Procedure.

2. If the Complaint is not dismissed, Defendant anticipates initial discovery to include depositions of former and present Union elected committee members and representatives, as well as certain hourly Union employees.

1     The Court orders the following additional limitations on the subject matter of discovery:

2 _____

3 _____

4 _____.

5     3.    Deadlines for disclosure and completion of discovery:

6         a.    Disclosure of identities of all witnesses to be called in each party's case-in-chief:

8         Plaintiff:

9         Defendant: May 1, 2008.

10     4.    Completion of all discovery except from experts: June 30, 2008.

11     5.    Disclosure of identities, resumes, final reports and all other matters required by Fed. R. C. P. 26(a)(2):

13         Plaintiff:

14         Defendant: June 30, 2008.

15     6.    Completion of discovery from experts: July 1, 2008.

**H.    PRETRIAL AND TRIAL SCHEDULE**

    1.    Trial date: August 5, 2008.

    2.    Anticipated length of trial: 1-2 days.

    3.    Type of Trial: jury

    4.    Final pretrial conference date: July 21, 2008.

    5.    Date required for filing the joint pretrial conference statement and proposed pretrial order: July 14, 2008.

    6.    Date for filing objections (objections to exhibits or testimony): July 21, 2008.

    7.    Deadline to hear motions directed to the merits of all or part of the case: July 11, 2008.

**I.    MOTIONS**

    1.    <u>Motions</u>:

        a.    Plaintiff:

      b.    Defendant:

Defendant anticipates filing a dispositive motion.

**J.    RELATED CASES**

*Warehouse Union Local 6, ILWU v. C&H Sugar Company, Inc.*, Case No. 3:07-cv-02203-JL and *Warehouse Union Local 6, ILWU v. C&H Sugar Company, Inc.*, Case No. C-07-04812 –JL.

**K.    RELIEF**

      a.    Plaintiff:


      b.    Defendant

This complaint should be dismissed on grounds of untimeliness. Any award of attorneys' fees, if any, should be decided by the arbitrator if it is determined that Plaintiff has indeed brought this request to arbitrate in good faith and in a timely fashion.

**L.    NARROWING OF ISSUES**

Defendant avers that the issues in the case are already narrowly construed.

**M.    EXPEDITED SCHEDULE**

Defendant avers that this case be handled on an expedited basis.

**N.    DATE OF NEXT CASE MANAGEMENT CONFERENCE:**

June 16, 2008.

**O.    IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL:**

G. Daniel Newland and Joseph Breen
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94109
Tel: (415) 544-1043

//

//

//

//

//

| | | |
|---|---|---|
| 1 | Kenneth C. Absalom | |
| 2 | Law Offices of Nevin & Absalom | |
|   | 22 Battery Street, Ste. | |
|   | San Francisco, CA. 94111 | |
| 3 | Tel: (415) 392 3729 | |
| 4 | DATED: April 7, 2008 | LAW OFFICES OF NEVIN & ABSALOM |

BY_____
        Kenneth Absaslom

Attorneys for Plaintiff
WAREHOUSE UNION LOCAL 6, ILWU

DATED: April 7, 2008      SEYFARTH SHAW LLP

      /s/ G. Daniel Newland
BY_____
      G. Daniel Newland
      Jennifer P. Svanfeldt

Attorneys for Defendant
C&H SUGAR COMPANY, INC.

SF1 28319983.1 / 32900-000024